Debtor James Michael McCloy
   Emily Anne McCloy

United States Bankruptcy Court for the  MIDDLE DISTRICT OF TENNESSEE  ☐ Check if this is an amended plan
            [Bankruptcy district]

Case number: _____

Official Form 113
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☑ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

☐ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☑ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
$1,405.00 Bi-weekly for 60 months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the

APPENDIX D    Chapter 13 Plan    Page 1
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Case 3:16-bk-07013 Doc 2 Filed 09/30/16 Entered 09/30/16 11:24:30 Desc Main
Document Page 1 of 7

| Debtor | James Michael McCloy Emily Anne McCloy | Case number | |
|---|---|---|---|

return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $183,436.20.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Ghertner & Company ( | HOA DUES | $12.00 | $12.00 | 0.00%e | 0.00 | $720.00 |
| | | Disbursed by:<br>☑ x Trustee<br>☐ x Debtor(s) | | | | |
| Pennymac Loan Services | 1466 Bern Dr. Spring Hill, TN 37174 Williamson County | $1,322.00 | $2,644.00 | 0.00%e | pr | $81,964.00 |
| | | Disbursed by:<br>☑ x Trustee<br>☐ x Debtor(s) | | | | |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule

| Debtor | James Michael McCloy<br>Emily Anne McCloy | Case number | |
|---|---|---|---|

3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

✓ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Santander | 2016 Chevrolet Cruz | $18,542.06 | 5.00% | $350.00<br>Disbursed by:<br>✓ Trustee<br>☐ Debtor(s) | $20,994.60 |
| Suntrust | 2013 Chrysler Town & Country | $17,236.00 | 3.50% | $385.50<br>Disbursed by:<br>✓ Trustee<br>☐ Debtor(s) | $18,495.71 |

*Insert additional claims as needed.*

3.4 Lien avoidance

Check one.

 **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one

✓ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Central Loan Admin & Reporting | 1032 McKenna Dr. Thompsons Station, TN 37179 Williamson County |
| Nationstar Morgage, LLC | 1032 McKenna Dr. Thompsons Station, TN 37179 Williamson County |
| Newport Valley Townhomes | 1032 McKenna Dr. Thompsons Station, TN 37179 Williamson County |
| Suntrust | 2001 Buick Century |

| Debtor | James Michael McCloy | Case number | |
|---|---|---|---|
| | Emily Anne McCloy | | |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$9,171.60**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,000.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*

    [✓] **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.

    [✓] **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

    [ ] The sum of $
    [✓]   24.00  % of the total amount of these claims.
    [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   0.00  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

    [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

    [✓] **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

    [✓] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed**

| Debtor | James Michael McCloy | Case number | |
|---|---|---|---|
| | Emily Anne McCloy | | |

to be made in the order determined by the trustee:
    Class 1  Filing Fee
    Class 2  Notice Fee
    class 3  Attorney, Fee, Cont Mtg Payment
    Class 4  Secured Creditors
    Class 5  Mortgage Arrears
    Class 6  General Unsecured Creditor
    Class 7  1305 Post Petition Claims

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other: _____

## Part 9: Nonstandard Plan Provisions

**Post Petition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinate to the payment of unsecured claims as provided in paragraph 3 of the confirmation order.**

**Part 4.3 - Additional Provisions -Provisions related to payment of priority administrative claim for fees payable to the attorney for the debtor(s).**

The attorney for the Debtor(s) shall be paid $4,000.00 as follows $450.00 per month.  Debtor's Counsel moves the Court for an Order requiring disbursal of funds on hand with the Chapter 13 Trustee on the date of first disbursal after confirmation of the plan to pay the attorney fee claim to the extent those funds exceed the amount needed to pay ongoing domestic support obligations, adequate protection payments on secured claims, the filing fee, and trustee allowed commissions, and the first monthly payment to other creditors due under the plan .   Debtor's Counsel requests a one time payment at confirmation of the plan equal to the amount of the allowed fee claim.

**Part 3.1 - Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**

Post-confirmation payments listed below shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

**(a)** Confirmation of this Plan imposes upon any claimholder treated under § 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges. (iii) Not less than 21 days prior to the effective date of any change in monthly mortgage payments, notify the Trustee, the Debtor(s) and the attorney for the Debtor(s) in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgage and the effective date of any such adjustment or any change in the property taxes, property insurance premiums or other fees or charges that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment. (iv) Notify the Trustee, the Debtor(s) and attorney for the Debtor(s), in writing, of any protective advances or other charges incurred by the claimholder, pursuant to the mortgage agreement, within 60 days of making such protective advance or other charge .

Confirmation of this Plan shall impose upon any claimholder listed in Part 3.1 the obligation to:

• Apply the payments received from the trustee on pre-confirmation arrearages only to such arrearages. For purposes of this Plan, the "pre-confirmation" arrearage shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid

| Debtor | James Michael McCloy | Case number | |
|---|---|---|---|
| | Emily Anne McCloy | | |

      by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

- Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

      The trustee may adjust the postconfirmation regular payments noted in Part 3.1 and payments to the plan in Part 2 in accordance with a Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1 upon filing a notice of such adjustment with the court and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is filed pursuant to Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage claim noted in Part 3.1.

### Part 10: Signatures:

X /s/ J. Robert Harlan      Date September 28, 2016
J. Robert Harlan
**Signature of Attorney for Debtor(s)**

X /s/ James Michael McCloy      Date September 28, 2016
James Michael McCloy

X /s/ Emily Anne McCloy      Date September 28, 2016
Emily Anne McCloy
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

APPENDIX D     Chapter 13 Plan     Page 6
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy
Case 3:16-bk-07013   Doc 2   Filed 09/30/16   Entered 09/30/16 11:24:30   Desc Main Document     Page 6 of 7

| | | |
|---|---|---:|
| Debtor | James Michael McCloy<br>Emily Anne McCloy | Case number |

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | $82,684.00 |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | $14,448.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | $39,490.31 |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | $0.00 |
| e. | **Fees and priority claims** (Part 4 total): | $13,171.60 |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | $33,332.29 |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | $0.00 |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | $0.00 |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | $0.00 |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)   + | $0.00 |

**Total of lines a through j**..................................................................................................................   $183,126.20